■ GREEN POINT SAVINGS BANK, Appellant, v HENRY KANDEL, Respondent, et al., Defendants. [637 NYS2d 778] —In an action, *inter alia,* to foreclose a mortgage on real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 20, 1994, which granted the motion of the defendant Henry Kandel, *inter alia,* to set aside the foreclosure sale of the subject premises to the extent of (1) permitting the defendant Henry Kandel to repurchase the property from the plaintiff within 60 days of the entry of the order for the sum of $300,000, and (2) staying a separate holdover proceeding in the Civil Court, Kings County, entitled *Green Point Sav. Bank v Kandel,* Index No. K 10745/93, during that 60-day period.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The belated and unsubstantiated claim of the respondent that the plaintiff was not the highest bidder at the foreclosure sale of the subject property was insufficient to refute the plaintiff's contrary evidence, including the sworn report of the Referee and an affidavit of the plaintiff's representative who attended the sale. Accordingly, the respondent failed to establish the existence of fraud, collusion, mistake, or misconduct which would warrant the vacatur of the sale or the transfer of the premises to him for the same purchase price paid by the plaintiff *(see, Guardian Loan Co. v Early,* 47 NY2d 515; *Citibank [N.Y.S.] v Badcock,* 206 AD2d 784; *Manufacturers & Traders Trust Co. v Niagara Sq. Assocs.,* 199 AD2d 975; *Crossland Mtge. Corp. v Frankel,* 192 AD2d 571; *Long Is. Sav. Bank v Jean Valiquette, M.D., P. C.,* 183 AD2d 877; *Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602; *Harbert Offset Corp. v Bowery Sav. Bank,* 174 AD2d 650; *Glenville & 110 Corp. v Tortora,* 137 AD2d 654).

The respondent's remaining contention is not properly before the Court on this appeal *(see,* 22 NYCRR 670.6 [a]). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.