■ DIME SAVINGS BANK OF NEW YORK, FSB, Plaintiff, v CARL W. ZAPALA et al., Respondents. ARNOLD BOTTALICO, Intervenor-Appellant. [680 NYS2d 665] —In an action to foreclose a mortgage, the intervenor-purchaser Arnold Bottalico appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated November 17, 1997, as, in effect, granted the defendants' motion to set aside a foreclosure sale on condition that they satisfy the mortgage held by the plaintiff and pay the intervenor's costs and expenses.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion to set aside the foreclosure sale is denied unconditionally.

The plaintiff Dime Savings Bank of New York, FSB (hereinafter the Dime) adjourned a February 25, 1997, mortgage foreclosure sale at the request of the defendants Carl W. Zapala and Catherine Anne Zapala, who were seeking to obtain alternate financing from First Alliance Mortgage Company (hereinafter First Alliance). The sale had been postponed on three prior occasions to give the Zapalas an opportunity to satisfy their debt. In connection with the February 25, 1997, adjournment, the Dime forwarded a postponement agreement to the Zapalas for their signature. There is no proof that an executed agreement was returned to the Dime prior to the rescheduled sale on March 24, 1997, when the property was sold to the purchaser, the intervenor-appellant, Arnold Bottalico. On or about March 31, 1997, the Zapalas obtained a loan from First Alliance and the proceeds were forwarded to the Dime. The Dime, however, returned the check to the Zapalas.

The Zapalas then moved to set aside the foreclosure sale. The Supreme Court, in effect, granted the motion on condition that the Zapalas satisfy the mortgage and reimburse Bottalico for certain costs and expenses.

In the exercise of its equitable powers, a court may set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct. Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience (*see, Guardian Loan Co. v Early,* 47 NY2d 515, 520-521; *Provident Sav. Bank v Bordes,* 244 AD2d 470).

The Zapalas failed to demonstrate that any such mistake or misconduct occurred. At best, they have shown some miscommunication between themselves and First Alliance, not between themselves and the Dime. A unilateral mistake, however, is not a basis for vacating a foreclosure sale (*see, Federal Natl. Mtge. Assn. v New York Fin. & Mtge. Co.,* 222 AD2d 647; *Crossland Mtge. Corp. v Frankel,* 192 AD2d 571). Further, the sale price in this case was not so unconscionably low as to shock the conscience of the court (*see, Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 408). Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.