SECOND DEPARTMENT, JANUARY, 2009

(January 13, 2009)

■ ASTORIA FEDERAL SAVINGS & LOAN ASSOC., Plaintiff, v JAMES J. HARTRIDGE, Respondent. ARO CAPITAL, LLC, Nonparty Appellant; BEST NEST REALTY et al., Nonparty Respondents. [869 NYS2d 921]—

In an action to foreclose a mortgage, the nonparty ARO Capital, LLC, appeals from an order of the Supreme Court, Nas-

sau County (Palmieri, J.), dated September 25, 2007, which granted the defendant's motion to vacate the foreclosure sale.

Ordered that the order is affirmed, with costs.

In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (*see Guardian Loan Co. v Early,* 47 NY2d 515, 521 [1979]; *Dime Sav. Bank of N.Y. v Zapala,* 255 AD2d 547, 548 [1998]; *Provident Sav. Bank v Bordes,* 244 AD2d 470 [1997]). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (*Dime Sav. Bank of N.Y. v Zapala,* 255 AD2d at 548; *see Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602 [1992]). Here, the Supreme Court providently exercised its discretion in setting aside the foreclosure sale on the ground that the sale price was unconscionably low (*see Pisano v Tupper,* 188 AD2d 991, 993 [1992]).

The appellant's remaining contention is without merit. Miller, J.P., Angiolillo, Belen and Chambers, JJ., concur.