■ Wells Fargo Bank, N.A., Appellant, v IPA Asset Management III, LLC, et al., Defendants, and Josef C. Mangiaracina, et al., Respondents. (And a Third-Party Action.) [975 NYS2d 156]—

In an action, inter alia, to set aside certain transfers of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated September 28, 2011, as denied its motion to set aside a sheriff's sale held on December 15, 2009, and granted those branches of the cross motion of the defendants Josef C. Mangiaracina and DLJ Equities, LLC, which were, in effect, for summary judgment dismissing so much of the amended complaint as sought to set aside the sheriff's sale, and to cancel the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's motion to set aside a sheriff's sale held on December 15, 2009. Pursuant to CPLR 2003, a court may set aside a judicial sale "for a failure to comply with the requirements of the [CPLR] as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect." Additionally, a court has the discretion to exercise its equitable powers "to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (*Fleet Fin. v Gillerson*, 277 AD2d 279, 280 [2000]; *see Guardian Loan Co. v Early*, 47 NY2d 515, 520-521 [1979]; *Bank of N.Y. v Segui*, 91 AD3d 689, 690 [2012]). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (*Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d 547, 548 [1998]; *see Provident Sav. Bank v Bordes*, 244 AD2d 470, 470 [1997]).

Contrary to the plaintiff's contentions, the Supreme Court properly determined that the notice requirements of CPLR 5236 (c) were satisfied. In this regard, the defendants Josef C. Mangiaracina and DLJ Equities, LLC (hereinafter together the DLJ defendants) submitted the Sheriff's proof of service of the notice of sale, and the signed certified mail receipt returned to the Sheriff, which raised a presumption that the notice of sale was properly mailed and received by the plaintiff (*see Dune Deck Owners Corp. v JJ & P Assoc. Corp.*, 71 AD3d 1075, 1077 [2010]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547 [2006]). The affidavit submitted by the plaintiff was insufficient to rebut the presumption of proper mailing and receipt (*see Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981, 982 [2007]; *Mei Yun Li v Qing He Xu*, 38 AD3d 731, 732 [2007]; *Matter of Fodor v MBNA Am. Bank, N.A.*, 34 AD3d 473, 474 [2006]).

The plaintiff also failed to demonstrate any mistake or any ir-

regularity which would cast suspicion on the fairness of the sheriff's sale (*see Matter of Ziede v Mei Ling Chow*, 94 AD3d 771, 772 [2012]; *Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d at 548). Further, the price at the sheriff's sale was not so low as to shock the conscience of the court (*see Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d at 548; *Crossland Mtge. Corp. v Frankel*, 192 AD2d 571, 572 [1993]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 408 [1983]).

The Supreme Court also properly granted that branch of the DLJ defendants' cross motion which was, in effect, for summary judgment dismissing so much of the amended complaint as sought to set aside the sheriff's sale. The DLJ defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, evidence that an underlying judgment, which led to the commencement of enforcement proceedings and sheriff's sale of the subject property, remained outstanding and was a valid lien against the subject property (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff's contentions, that the underlying judgment was satisfied prior to the sheriff's sale and that it may not have been properly obtained, were conclusory and unsubstantiated. Consequently, they were insufficient to raise a triable issue of fact (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 794 [2012]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 576-577 [2006]; *Wolf v Citibank, N.A.*, 34 AD3d 574, 575 [2006]).

As the Supreme Court properly granted summary judgment dismissing so much of the amended complaint as sought to vacate the sheriff's sale, title to, the possession of, or the use or enjoyment of the subject property is no longer at issue. Accordingly, the Supreme Court properly granted that branch of the DLJ defendants' cross motion which was to cancel the notice of pendency (*see* CPLR 6514 [a]; *Freidus v Sardelli*, 192 AD2d 578, 580 [1993]).

The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (*see Buck Realty of Long Is., Inc. v Elliott*, 106 AD3d 768 [2013]). Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.