■ Lucia C. Chiao, Respondent, v Samuel H.C. Poon, Appellant, et al., Defendants. [11 NYS3d 87]—

In an action to foreclose a mortgage, the defendant Samuel H.C. Poon appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Modica, J.), dated April 10, 2014, as denied that branch of his motion which was to vacate a foreclosure sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (*Astoria Fed. Sav. & Loan Assoc. v Hartridge*, 58 AD3d 584, 585 [2009]; *see Guardian Loan Co. v Early*, 47 NY2d 515, 521 [1979]). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (*Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d 547, 548 [1998]; *see Guardian Loan Co. v Early*, 47 NY2d at 520-521).

Here, the defendant Samuel H.C. Poon did not present any evidence of fraud, collusion, mistake, or misconduct in connection with the subject foreclosure sale. Furthermore, considering the extent of indebtedness due to the plaintiff by Poon at the time of the sale, and the existence of two superior mortgages on the property, which the plaintiff is now responsible for satisfying, the sale price was not so inadequate as to shock the conscience (*see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 407 [1983]; *Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp.*, 72 AD2d 737, 738 [1979]).

The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (*see Hsu v Carlyle Towers Coop. "B," Inc.*, 102 AD3d 835, 837 [2013]).

Accordingly, that branch of Poon's motion which was to vacate the foreclosure sale was properly denied. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.