■ U.S. BANK NATIONAL ASSOCIATION, Appellant, v PETER V. TESTA, Also Known as PETER TESTA, et al., Defendants. DINO P. ASCARI et al., Nonparty Respondents. [33 NYS3d 387]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 23, 2015, which denied its motion to set aside a foreclosure sale.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage

on certain property located in Ocean Beach. The plaintiff obtained a judgment of foreclosure and sale in August 2014. A notice of sale was published in a weekly newspaper, and the foreclosure sale was held on October 15, 2014. The nonparties Dino P. Ascari and Good Sam Properties, Inc., were the successful bidders at the sale and paid the required deposit. Following the sale, the plaintiff's counsel discovered that it had mistakenly relied on incorrect bidding instructions for the sale, resulting in an inadequate bid on behalf of the plaintiff and the sale of the property to Ascari and Good Sam Properties, Inc. Thereafter, the plaintiff moved to set aside the foreclosure sale, arguing that a mistake caused an inadequate bid and a commercially unreasonable sale. The Supreme Court denied the motion, concluding that the plaintiff's mistake was unilateral and the sale price was not so inadequate as to shock the court's conscience. The plaintiff appeals.

"In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (*Astoria Fed. Sav. & Loan Assoc. v Hartridge*, 58 AD3d 584, 585 [2009]; *see Guardian Loan Co. v Early*, 47 NY2d 515, 521 [1979]; *Chiao v Poon*, 128 AD3d 879, 880 [2015]). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (*Dime Sav. Bank of N.Y. v Zapala*, 255 AD3d 547, 548 [1998]; *see Bankers Fed. Sav. & Loan Assn. v House*, 182 AD2d 602 [1992]).

Here, the plaintiff did not establish any fraud, collusion, mistake, or misconduct in connection with the foreclosure sale that warranted setting it aside. Indeed, the unilateral mistake of the plaintiff's counsel does not provide a sufficient basis for setting aside the foreclosure sale (*see Da Silva v Musso*, 53 NY2d 543, 551 [1981]; *Matter of Ziede v Mei Ling Chow*, 94 AD3d 771, 772 [2012]; *Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d at 548; *Federal Natl. Mtge. Assn. v New York Fin. & Mtge. Co.*, 222 AD2d 647, 647-648 [1995]; *Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C.*, 183 AD2d 877, 877 [1992]).

Furthermore, under the circumstances of this case, the sale price did not warrant setting aside the sale. "[I]n most instances," the fair market value of a mortgaged property "will exceed the winning bid" on that property at a foreclosure sale (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 407 [1983]). Here, the plaintiff submitted insufficient evidence as to the market value of the property. Even

assuming that the value of the property was $399,999, as the plaintiff alleges, the winning bid of $208,133.69 represented approximately 52% of that value. Such a sales price was not so inadequate as to shock the court's conscience, and thus, did not warrant setting aside the sale (*see Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 985 [2008]; *Crossland Mtge. Corp. v Frankel*, 192 AD2d 571 [1993]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d at 410).

Accordingly, the Supreme Court properly denied the plaintiff's motion to set aside the foreclosure sale. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.