■ CLINTON HILL HOLDING 1, LLC, Appellant, v KATHY & TANIA, INC., Also Known as KATHY & TANYA, INC., et al., Defendants. [36 NYS3d 732]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 4, 2015, which granted the motion of the defendants Kathy & Tania, Inc., also known as Kathy & Tanya, Inc., Cesar M. Cedillo, and Kevin & Richard Hardware Corp. to set aside a foreclosure sale of the subject property and to vacate the referee's deed in foreclosure.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Kathy & Tania, Inc., also known as Kathy & Tanya, Inc., Cesar M. Cedillo, and Kevin & Richard Hardware Corp. to set aside the foreclosure sale of the subject property and to vacate the referee's deed in foreclosure is denied.

In 2005, the defendant Kathy & Tania, Inc., also known as Kathy & Tanya, Inc. (hereinafter Kathy & Tania), obtained a loan that was evidenced by a note and secured by a mortgage on certain real property located at 645 Myrtle Avenue in Brooklyn. In April 2009, Kathy & Tania defaulted in its payment obligations, and the plaintiff's assignor, the former mortgagee, commenced this action to foreclose the mortgage. On April 26, 2011, the Supreme Court issued a judgment of foreclosure and sale. Thereafter, the mortgage and note were assigned to the plaintiff. On September 12, 2013, a foreclosure sale was conducted. At the sale, the court-appointed referee announced an upset price that was higher than the amount due as stated in his report. The plaintiff was the successful bidder at the sale, and the property was conveyed to the plaintiff by referee's deed. In July 2014, Kathy & Tania and the defendants Cesar M. Cedillo and Kevin & Richard Hardware Corp. (hereinafter collectively the defendants) moved to set aside the foreclosure sale and to vacate the referee's deed. The Supreme Court granted the motion.

RPAPL 231 provides, in relevant part, that a court, within one year after a foreclosure sale, "may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (RPAPL 231 [6]). " 'In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct' " (*U.S. Bank N.A. v Testa*, 140 AD3d 855, 856 [2016], quoting *Astoria Fed. Sav. & Loan Assoc. v Hartridge*, 58 AD3d 584, 585 [2009]). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (*see Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC*, 111 AD3d 820, 821 [2013]; *Manufacturers & Traders Trust Co. v Foy*, 79 AD3d 825, 825-826 [2010]; *Fleet Fin. v Gillerson*, 277 AD2d 279, 280 [2000]). Furthermore, evidence of a unilateral mistake at the foreclosure sale, without more, does not provide a basis to invalidate a sale that was otherwise lawfully conducted (*see Crossland Mtge. Corp. v Frankel*, 192 AD2d 571, 572 [1993]), and belated and unsub-

stantiated claims are insufficient to establish the existence of fraud, collusion, mistake, or misconduct (*see Green Point Sav. Bank v Kandel*, 224 AD2d 488 [1996]). Moreover, mere irregularities by a referee may be disregarded if they do not affect a substantial right of a party (*see NYCTL 2005-A Trust v Rosenberger Boat Livery, Inc.*, 96 AD3d 425, 426 [2012]; *Citibank v Schimkus*, 231 AD2d 486 [1996]).

An "upset price" is defined as "[t]he lowest amount that a seller is willing to accept for property or goods sold at auction" (Black's Law Dictionary 1382 [10th ed 2014]). While there is no requirement for the fixing of a minimum or upset price (*see Home Owners' Loan Corp. v Mindlin*, 251 App Div 747 [1937]), the Supreme Court, Kings County, allows for the setting of an upset price that "may not be greater than the amount stated in the referee's report of sale together with CPLR judgment interest running from the filing of the Judgment of Foreclosure and Sale together with the amount represented by receipted bills for taxes" (Kings County Supreme Court Uniform Civil Term Rules, part F, rule 16). In the event of noncompliance with this rule, the Kings County Supreme Court Uniform Civil Term Rules do not contain a provision requiring a foreclosure sale to be set aside.

In support of their motion, the defendants made conclusory and unsubstantiated allegations that the referee's conduct in announcing an upset price that allegedly exceeded the amount permitted by the Kings County Supreme Court Uniform Civil Term Rules inhibited prospective bidders and cast an aura of suspicion on the fairness of the sale. However, the defendants failed to submit any evidence in support of their motion that there were actually bidders at the sale other than the plaintiff, or if so, that any bidders objected to the sale or were impeded by the referee's conduct. Moreover, it is undisputed that no representative of the defendants appeared at the sale. At most, the defendants showed that the referee committed a unilateral mistake by announcing an allegedly excessive upset price. However, they wholly failed to demonstrate that such mistake warranted setting aside the foreclosure sale pursuant to RPAPL 231 (6) (*see U.S. Bank N.A. v Testa*, 140 AD3d at 856; *NYCTL 1998-2 Trust v McGill*, 138 AD3d 1077, 1078-1079 [2016]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court should have denied the defendants' motion to set aside the foreclosure sale and to vacate

the referee's deed. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.

---

Motion by the respondents on an appeal from an order of the Supreme Court, Kings County, dated March 4, 2015, for the Court to take judicial notice of an order of the same court dated October 7, 2015. By decision and order on motion of this Court dated April 8, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.