Chase Manhattan Bank v Nath (2018 NY Slip Op 04696)





Chase Manhattan Bank v Nath


2018 NY Slip Op 04696


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-12257
 (Index No. 3532/01)

[*1]Chase Manhattan Bank, respondent, 
v
Prem Nath, appellant, et al., defendants.


Prem Nath, Orangeburg, NY, appellant pro se.
Locke Lord LLP, New York, NY (R. James DeRose III, Casey B. Howard, and Samantha Ingram of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Prem Nath appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered October 25, 2016. The order, insofar as appealed from, denied that defendant's motion to vacate a judgment of foreclosure and sale of the same court (Alfred J. Weiner, J.) entered March 2, 2011, and to set aside the foreclosure sale and referee's deed.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Following protracted litigation related to a note and mortgage that were executed by the defendant Prem Nath (hereinafter the defendant) on September 4, 1998, and encumbering real property located in Blauvelt, the plaintiff obtained a judgment of foreclosure and sale entered March 2, 2011. The defendant's motion, inter alia, to vacate the judgment of foreclosure and sale was denied, and the defendant did not appeal from that order. The defendant's second motion to vacate the judgment of foreclosure sale also was denied (see Chase Manhattan Bank v Nath, ____AD3d____ [Appellate Division Docket No. 2015-09937; decided herewith]). The subject premises was sold at a public auction on December 14, 2015. Thereafter, the defendant moved, for the third time, to vacate the judgment of foreclosure and sale, and to set aside the foreclosure sale and referee's deed. In an order entered October 25, 2016, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals from so much of the order as denied his motion, and we affirm the order insofar as appealed from.
We agree with the Supreme Court's denial of that branch of the defendant's motion [*2]which was to vacate the judgment of foreclosure and sale. This branch of the defendant's motion is premised on the same grounds raised by the defendant in support of his first and second motions to vacate the judgment of foreclosure and sale. Not only did the defendant move for a third time based on the same grounds, the defendant's arguments relating to these grounds were virtually identical, and he failed to present any facts that were not already presented on his previous motions. Thus, the defendant was precluded from bringing this third motion to vacate the judgment of foreclosure and sale (see EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 825; HSBC Bank USA, N.A. v Legros, 122 AD3d 799, 800; Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670; Discover Bank v Qader, 105 AD3d 892).
A court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896; U.S. Bank N.A. v Testa, 140 AD3d 855, 856; Bank of N.Y. Trust Co. v Gonzalez-Salinas, 89 AD3d 779, 779). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d at 896; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632). Here, the defendant failed to establish fraud, collusion, mistake, or misconduct in connection with the foreclosure sale that warranted setting it aside.
The sale price did not warrant setting aside the foreclosure sale and referee's deed (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d at 896; U.S. Bank N.A. v Testa, 140 AD3d at 856; Dime Sav. Bank of N.Y., FSB v Zapala, 255 AD2d 547, 548; Provident Savings Bank v Bordes, 244 AD2d 470; Bankers Federal Sav. & Loan Assn. v House, 182 AD2d 602, 603). In most instances, the fair market value of a mortgaged property will exceed the winning bid on that property at a foreclosure sale (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d at 896; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 407). Here, the defendant failed to submit sufficient evidence as to the market value of the property (see U.S. Bank N.A. v Testa, 140 AD3d at 856). Even assuming that the value of the property was what the defendant alleges, under the circumstances of this case, the sale price was not so inadequate as to shock the court's conscience (see Chiao v Poon, 128 AD3d 879, 880; Dime Sav. Bank of N.Y. FSB v Zapala, 255 AD2d at 548; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d at 408; cf. Astoria Fed. Sav. & Loan Assoc. v Hartridge, 58 AD3d 584, 585).
Finally, the defendant failed to show that a substantial right of his was prejudiced by the alleged defects in the notice of the foreclosure sale (see South Point, Inc. v Rana, 139 AD3d 936, 937; Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC, 111 AD3d 820; NYCTL 1999-1 Trust v NY Pride Holdings, Inc., 34 AD3d 774; Arbor Natl. Commercial Mtge. v Carmans Plaza, 305 AD2d 622, 623; Key Corporate Capital v Lindo, 304 AD2d 620; Amresco New England II, L.P. v Denino, 283 AD2d 599, 599-600).
Accordingly, we agree with the Supreme Court's denial of the defendant's motion to vacate the judgment of foreclosure and sale and set aside the foreclosure sale and referee's deed.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court