Wells Fargo Bank, N.A. v Ramphal (2019 NY Slip Op 04025)





Wells Fargo Bank, N.A. v Ramphal


2019 NY Slip Op 04025


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-07568
 (Index No. 21337/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Bindoomatie Ramphal, et al., appellants, et al., defendants.


Stephen David Fink, Forest Hills, NY, for appellants.
Cohn & Roth, Mineola, NY (Edward C. Klein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bindoomatie Ramphal, Somal Singh, and Radjkoemar Jhakry appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered June 8, 2016. The order denied those defendants' motion, in effect, to set aside a foreclosure sale and to enjoin the transfer of the subject property.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff commenced this residential mortgage foreclosure action against, among others, the defendants Bindoomatie Ramphal, Somal Singh, and Radjkoemar Jhakry (hereinafter collectively the defendants). On December 7, 2015, upon the defendants' default in answering the complaint, the Supreme Court entered a judgment of foreclosure and sale in favor of the plaintiff, inter alia, directing the sale of the subject property. The property was subsequently sold to a third-party purchaser at public auction. Thereafter, the defendants moved, in effect, to set aside the foreclosure sale and to enjoin the transfer of the property on the ground that they never received the notice of sale. In an order entered June 8, 2016, the Supreme Court denied the defendants' motion, and the defendants appeal.
Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale (see Pol-Tek Indus. v Panzarella, 227 AD2d 992; Rudolph de Winter and Larry M. Loeb, Practice Commentaries, McKinney's Cons Laws of NY, Book 49 1/2, RPAPL 231). CPLR 2003 authorizes the court to set aside a judicial sale within one year "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (see Guardian Loan Co. v Early, 47 NY2d 515, 520). Similarly, RPAPL 231(6) provides that "[a]t any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect." Furthermore, " [i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct'" (U.S. Bank N.A. v Testa, 140 AD3d 855, 856, quoting Astoria Fed. Sav. & Loan Assoc. v Hartridge, 58 AD3d 584, 585).
Here, the plaintiff's submissions in opposition to the defendants' motion constituted prima facie evidence of proper service of the notice of sale (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764), and the defendants' bare and unsubstantiated denials of service were insufficient to rebut the plaintiff's showing (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015; Scarano v Scarano, 63 AD3d 716, 716; see also Citibank, N.A. v Conti-Scheurer, _____ AD3d _____, 2019 NY Slip Op 02846 [2d Dept 2019]). In any event, the defendants failed to establish that they were prejudiced by any defect in service of the notice of sale (see Bank of N.Y. v Agenor, 305 AD2d 438; see also RPAPL 231[6]; CPLR 2003).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion, in effect, to set aside the foreclosure sale and to enjoin the transfer of the property.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court