Emigrant Mtge. Co., Inc. v Hartman (2019 NY Slip Op 04914)





Emigrant Mtge. Co., Inc. v Hartman


2019 NY Slip Op 04914


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-11774
 (Index No. 1256/07)

[*1]Emigrant Mortgage Company, Inc., respondent,
v
Robin B. Hartman, et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman and Roy J. Lester of counsel), for appellants.
Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Edward A. Vincent of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Robin B. Hartman and Michael Hartman appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 13, 2016. The order denied the motion of those defendants to set aside the foreclosure sale of the subject property, to reinstate the mortgage, and for related injunctive relief.
ORDERED that the order is affirmed, with costs.
In January 2007, the plaintiff commenced this action against Robin B. Hartman and Michael Hartman (hereinafter together the defendants), among others, to foreclose a mortgage on property located in North Woodmere (hereinafter the subject property). Thereafter, the Supreme Court granted the plaintiff's motion for summary judgment and appointed Lisa Walker as referee to ascertain and compute the amount due under the mortgage loan. In May 2008, a judgment of foreclosure and sale was entered, inter alia, confirming Referee Walker's report and directing the foreclosure sale of the property.
In January 2016, after the resolution of bankruptcy proceedings initiated by Robin B. Hartman, the plaintiff scheduled a sale of the property. Despite service of the notice of sale, Referee Walker did not appear on the scheduled date. Accordingly, by order dated March 15, 2016, the Supreme Court appointed substitute Referee Ellen Durst, who conducted an auction and sold the subject property to the highest bidder.
The defendants subsequently moved to set aside the foreclosure sale, to permit the reinstatement of the mortgage loan within 30 days, and for related injunctive relief staying transfer of the deed. In support, the defendants argued, among other things, that the sale was defective, since it was conducted by a referee not authorized by the judgment of foreclosure and sale. By order entered September 13, 2016, the Supreme Court denied the motion. The defendants appeal.
CPLR 2003 authorizes the court to set aside a judicial sale "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (see Guardian Loan Co. v Early, 47 [*2]NY2d 515, 520). Concomitantly, RPAPL 231(6) provides, in relevant part, that a court, within one year after a foreclosure sale, "may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect." " In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct'" (U.S. Bank N.A. v Testa, 140 AD3d 855, 856, quoting Astoria Fed. Sav. & Loan Assoc. v Hartbridge, 58 AD3d 584, 585). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632; Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC, 111 AD3d 820, 821; Manufacturers & Traders Trust Co. v Foy, 79 AD3d 825, 825-826; Fleet Fin. v Gillerson, 277 AD2d 279, 280). "Furthermore, evidence of a unilateral mistake at the foreclosure sale, without more, does not provide a basis to invalidate a sale that was otherwise lawfully conducted, and belated and unsubstantiated claims are insufficient to establish the existence of fraud, collusion, mistake, or misconduct" (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 632 [citation omitted]; see Green Point Sav. Bank v Kandel, 224 AD2d 488). Mere irregularities by a referee may be disregarded if they do not affect a substantial right of a party (see NYCTL 2005-A Trust v Rosenberger Boat Livery, Inc., 96 AD3d 425, 426; Citibank v Schimkus, 231 AD2d 486).
Here, the defendants failed to establish that any alleged defects in the sale of the subject property prejudiced a substantial right of a party. Furthermore, the defendants failed to demonstrate that the sale was the product of fraud, collusion, mistake, or overreaching, and there is no claim that the sale price was unconscionable. Accordingly, we agree with the Supreme Court's denial of the defendants' motion, inter alia, to set aside the foreclosure sale of the subject property.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court