Nationstar Mtge., LLC v Crute (2020 NY Slip Op 05908)





Nationstar Mtge., LLC v Crute


2020 NY Slip Op 05908


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-10596
 (Index No. 70525/15)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Morris Crute, etc., et al., appellants, et al., defendants.


Clair & Gjertsen, White Plains, NY (Ira S. Clair of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Morris Crute and Carolyn Crute appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 31, 2018. The order denied the motion of those defendants to vacate a judgment of foreclosure and sale of the same court dated November 3, 2016, to set aside the foreclosure sale of the subject property, and to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In 2008, the defendants Morris Crute and Carolyn Crute (hereinafter together the defendants) executed and delivered a promissory note in the amount of $452,943 to nonparty Golden First Mortgage Corp. To secure payment on the note, the defendants executed and delivered to nonparty Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Golden First Mortgage Corp., a mortgage on real property in Yonkers. The original mortgage was lost and never recorded. Subsequently, the defendants defaulted in making monthly payments on the loan.
In May 2013, the plaintiff acquired possession of the original note, which was endorsed in blank, and in December 2015, MERS, as nominee for Golden First Mortgage Corp., assigned the mortgage to the plaintiff. Thereafter, the plaintiff commenced this foreclosure action against the defendants and others, annexing a copy of the note, endorsed in blank, to the complaint. Morris Crute interposed a pro se answer with affirmative defenses, but his wife, Carolyn Crute, defaulted in answering or appearing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Morris Crute, for an order of reference, and for leave to enter a default judgment against the nonanswering defendants. Morris Crute, acting pro se, opposed the motion. In an order dated June 21, 2016, the Supreme Court granted the plaintiff's motion.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale, and Morris Crute, pro se, opposed the motion. On November 3, 2016, the Supreme Court granted the plaintiff's motion and issued a judgment of foreclosure and sale. On July 12, 2017, the subject premises was sold to the plaintiff at a foreclosure sale.
Approximately 17 months after the entry of the judgment of foreclosure and sale, the [*2]defendants, with the assistance of counsel, moved to vacate the judgment of foreclosure and sale, to set aside the foreclosure sale of the subject property, and to dismiss the complaint insofar as asserted against them. In an order dated July 31, 2018, the Supreme Court denied the defendants' motion, determining that the defendants failed to submit evidence of fraud, collusion, mistake, or misconduct to warrant setting aside the foreclosure sale, and further, that the defendants did not move to vacate the judgment of foreclosure and sale within a reasonable time after the entry of such judgment. The defendants appeal.
CPLR 2003 authorizes the court to set aside a judicial sale "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (see Guardian Loan Co. v Early, 47 NY2d 515, 520). Concomitantly, RPAPL 231(6) provides, in relevant part, that a court, within one year after a foreclosure sale, "may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect." "In addition to the authority granted by statute" (Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983, 984), "the court may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d at 520). Moreover, "'[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct'" (U.S. Bank N.A. v Testa, 140 AD3d 855, 856, quoting Astoria Fed. Sav. & Loan Assoc. v Hartbridge, 58 AD3d 584, 585). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632; Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC, 111 AD3d 820, 821).
Based on our review of the record on appeal, we agree with the Supreme Court that the defendants failed to present "evidence of fraud, collusion, mistake, or misconduct" to warrant setting aside the foreclosure sale (U.S. Bank N.A. v Testa, 140 AD3d at 856 [internal quotation marks omitted]). We also agree with the court's determination that the defendants did not move to vacate the judgment of foreclosure and sale within a reasonable time (see Kondaur Capital Corp. v Stewart, 166 AD3d 748).
The defendants' remaining contentions are without merit.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court