Concept 9, LLC v 614 Realty, LLC (2020 NY Slip Op 07352)





Concept 9, LLC v 614 Realty, LLC


2020 NY Slip Op 07352


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-01856
 (Index No. 6372/09)

[*1]Concept 9, LLC, plaintiff-respondent,
v
614 Realty, LLC, et al., defendants-respondents; Jacob Daskal, nonparty-appellant; Jeffrey Saltiel, etc., et al., nonparty-respondents.


Jacob T. Fogel (Ephrem J. Wertenteil, New York, NY, of counsel), for nonparty-appellant.
Kriss & Feuerstein LLP, New York, NY (Jason S. Leibowitz and Thomas A. Hooker of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Jacob Daskal appeals from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated December 1, 2016. The order, insofar as appealed from, denied that branch of nonparty Jacob Daskal's motion which was to vacate the foreclosure sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage on certain real property in Brooklyn, the Supreme Court awarded the plaintiff a judgment of foreclosure and sale on default in the amount of $804,493.20 plus post-judgment interest and, inter alia, directed that the property be sold at public auction. The foreclosure auction took place on November 12, 2015. When the referee asked for an opening bid, the plaintiff's successor in interest (hereinafter the bank) announced that the upset price was $1.8 million, and that the bank's opening bid was $1,000. With no other bids made, the property was sold to the bank.
Before the property was transferred, nonparty Jacob Daskal moved for leave to intervene in the foreclosure action and to vacate the foreclosure sale. Daskal asserted that he was a prospective bidder of the property at the foreclosure auction, but that he and other prospective bidders were illegally prevented from bidding because the plaintiff artificially inflated the upset price of the property—the lowest amount the seller would accept (see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 633)—to $1.8 million, which exceeded the value of the property by at least $600,000. In the order appealed from, the Supreme Court granted that branch of Daskal's motion which was for leave to intervene in the foreclosure action for the limited purpose of moving to vacate the foreclosure sale, but denied that branch of the motion which was to vacate the foreclosure sale. Daskal appeals.
Within one year after a foreclosure sale, the court is authorized to set aside the sale for failure to comply with statutory requirements as to the notice, time, or manner of such sale, if a [*2]substantial right of a party was prejudiced by the defect (see CPLR 2003; RPAPL 231[6]; Guardian Loan Co. v Early, 47 NY2d 515, 520; Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 975, 976). Additionally, "[a] court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (Nationstar Mtge., LLC v Brignol, 181 AD3d 881, 882; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (T11 Funding v Traynelis, 166 AD3d 927, 928; see Northern Blvd. Corona, LLC v. Northern Blvd. Prop., LLC, 157 AD3d at 896). "[U]nsubstantiated claims are insufficient to establish the existence of fraud, collusion, mistake, or misconduct" (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 632-633).
We agree with the Supreme Court's determination denying that branch of Daskal's motion which was to vacate the foreclosure sale, as Daskal did not set forth any evidence of fraud, collusion, mistake, or misconduct that would cast suspicion on the fairness of the sale (see Nationstar Mtge., LLC v Brignol, 181 AD3d at 882; T11 Funding v Traynelis, 166 AD3d at 928; Chase Manhattan Bank v Nath, 162 AD3d 978, 979). Contrary to Daskal's contention, he did not establish that the $1.8 million upset price failed to comply with the Kings County Supreme Court Uniform Civil Term Rules (see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 633).
In light of our determination, we do not reach the parties' remaining contentions.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court