Emigrant Funding Corp. v Nunez (2021 NY Slip Op 05951)





Emigrant Funding Corp. v Nunez


2021 NY Slip Op 05951


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-12616
 (Index No. 16111/09)

[*1]Emigrant Funding Corporation, respondent,
v
Persio Nunez, etc., appellant, et al., defendants.


Persio Nunez, Corona, NY, appellant pro se.
Borchert & LaSpina, P.C., Whitestone, NY (Jason Sackoor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Persio Nunez appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 2, 2018. The order denied that defendant's motion to vacate a referee's deed in foreclosure dated May 11, 2016.
ORDERED that the order is affirmed, with costs.
RPAPL 231(6) provides, in relevant part, that "[a]t any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect." Moreover, "[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632; see U.S. Bank N.A. v Testa, 140 AD3d 855, 856). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 632; see Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 975, 976). "[B]elated and unsubstantiated claims are insufficient to establish the existence of fraud, collusion, mistake, or misconduct" (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 632-633).
Here, the defendant Persio Nunez (hereinafter the defendant) belatedly moved to vacate the referee's deed dated May 11, 2016, more than two years after the foreclosure sale, and offered nothing more than unsubstantiated claims that he was not served with notice of this action or the foreclosure sale (see RPAPL 231[6]; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 633; Home Fed. Sav. Bank v Versace, 272 AD2d 576, 577). Accordingly, the Supreme Court properly denied the defendant's motion to vacate the referee's deed.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court