KeyBank N.A. v Venziano (2022 NY Slip Op 01446)





KeyBank N.A. v Venziano


2022 NY Slip Op 01446


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-11396
 (Index No. 54984/14)

[*1]KeyBank National Association, etc., plaintiff-respondent,
v
Anthony Venziano, etc., appellant, et al., defendants; Emilio DiMatteo, nonparty-respondent.


Fishman Decea & Feldman, Armonk, NY (Thomas B. Decea of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis Oster of counsel), for plaintiff-respondent.
Geist Schwarz & Jellinek, PLLC, White Plains, NY (Matthew D. Schwarz of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony Veneziano appeals from an order of the Supreme Court, Westchester County (Charles D. Wood), dated September 4, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were to set aside a foreclosure sale and direct that a new sale be conducted.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendant Anthony Venziano (hereinafter the defendant), among others, to foreclose a mortgage on real property. The plaintiff subsequently obtained a judgment of foreclosure and sale, and the property was sold at a foreclosure auction.
The defendant thereafter moved, inter alia, to set aside the foreclosure sale and direct that a new sale be conducted. By order dated September 4, 2019, the Supreme Court denied those branches of the motion. The defendant appeals.
"In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (Astoria Fed. Sav. & Loan Assoc. v Hartridge, 58 AD3d 584, 585; see Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1030). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1030; see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547, 548; see U.S. Bank N.A. v Testa, 140 AD3d 855, 856).
Here, the defendant failed to present evidence of fraud, collusion, mistake, or misconduct casting suspicion on the fairness of the foreclosure sale (see Nationstar Mtge., LLC v Crute, 187 AD3d at 1030; U.S. Bank N.A. v Testa, 140 AD3d at 856). Moreover, the defendant failed to demonstrate that the sale price was so inadequate as to shock the court's conscience (see Chase Manhattan Bank v Nath, 162 AD3d 978, 980; U.S. Bank N.A. v Testa, 140 AD3d at 856-857).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to set aside the foreclosure sale and direct that a new sale be conducted.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court