Su Hwa Chu v Lai (2025 NY Slip Op 07329)

Su Hwa Chu v Lai

2025 NY Slip Op 07329

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-01174
 (Index No. 500668/14)

[*1]Su Hwa Chu, etc., et al., plaintiffs-respondents, 
vLisa Lai, et al., defendants-respondents; Adam Plotch, nonparty-appellant.

Adam Plotch, New York, NY, nonparty-appellant pro se.
James J. DeCristofaro, New York, NY, for plaintiffs-respondents, and William A. Thomas, New York, NY, for defendants-respondents (one brief filed).

DECISION & ORDER
In an action, inter alia, for the partition of real property, nonparty Adam Plotch appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 12, 2023. The order, insofar as appealed from, denied that branch of that nonparty's cross-motion which was pursuant to RPAPL 231 to direct the sale of the subject property to him for his bid in the amount of $500,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In an order dated December 4, 2017, the Supreme Court granted the plaintiffs' motion for summary judgment on a cause of action for the partition and sale of certain property and directed the sale to take place but failed to set a minimum price for the property (hereinafter the December 2017 order). In an order dated March 29, 2018, the court appointed a referee to oversee the sale of the property.
On June 20, 2019, the referee and Adam Plotch allegedly appeared for a sale of the property. At the opening of the bidding, the referee announced a minimum sale price in the amount of $1,350,000, apparently based on a previous offer for the property in the amount of $1,340,000, which had been refused by the defendants. Plotch allegedly submitted the highest bid on the property at the sale, in the amount of $500,000, which the referee rejected because it was below the minimum sale price set by the referee.
In September 2019, the plaintiffs moved pursuant to CPLR 2221 to modify the December 2017 order so as to direct a private sale of the property through a licensed real estate broker, on the ground that a public auction was inappropriate since the property was not a distressed property. The defendants cross-moved to modify the December 2017 order so as to set a minimum sale price. Plotch cross-moved, among other things, pursuant to RPAPL 231 to direct the sale of the property to him for his bid in the amount of $500,000. In an order dated December 12, 2023, the Supreme Court, inter alia, denied that branch of Plotch's cross-motion, concluding that "a bid of approximately a third of the value was wholly inadequate" and that other irregularities occurred, i.e., that neither party was present at the time of the sale. Plotch appeals.
Contrary to the contention of the plaintiffs and the defendants, Plotch is aggrieved by so much of the order dated December 12, 2023, as denied that branch of his cross-motion which was pursuant to RPAPL 231 to direct the sale of the property to him for his bid in the amount of $500,000 (see Deutsche Bank Natl. Trust Co. v Bueno, 222 AD3d 940, 940-941; Ricatto v Ricatto, 4 AD3d 514, 515).
Contrary to Plotch's contention, the referee had the discretion to set the minimum sale price at the sale of the property (see Concept 9, LLC v 614 Realty, LLC, 189 AD3d 992, 993-994; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 633). Moreover, the Supreme Court providently exercised its discretion in determining that Plotch was not entitled to the relief sought, since his bid was properly rejected by the referee (see Salvation Army v Simpson, 268 NY 499; Astoria Fed. Sav. & Loan Assoc. v Hartridge, 58 AD3d 584, 585) and in light of the fact that the owners of the property were not present at the sale (see CPLR 2003; RPAPL 231[6]; Kings County Supreme Court Uniform Civil Term Rules, parts F and H).
Additionally, Plotch failed to submit any competent evidence that substantiated his allegations (see U.S. Bank N.A. v Nunez, 208 AD3d 711, 713-714; Emigrant Funding Corp. v Nunez, 199 AD3d 651, 651; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 633).
Accordingly, under the circumstances of this case, the Supreme Court properly denied that branch of Plotch's cross-motion which was pursuant to RPAPL 231 to direct the sale of the property to him for his bid in the amount of $500,000 (see NJCC-NYS Community Restoration Fund, LLC v Ruiz, 228 AD3d 769, 770-771).
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court