■ STEPHEN POHLOT, Appellant-Respondent, v ELIZABETH POHLOT, Respondent-Appellant. [644 NYS2d 302] ■

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff alleged that, during the course of a protracted divorce action, the defendant fraudulently induced him to enter a stipulation of settlement which distributed the marital assets by promising not to interfere with his relationship with his minor son. While the parties were involved in the divorce action, the plaintiff was convicted in Federal court of conspiring to murder the defendant. In 1992, the parties entered a final written stipulation of settlement which disposed of the marital assets. The son reached the age of majority in October 1993. Shortly before the plaintiff was scheduled to be paroled in White Plains, N. Y., in 1994, the son wrote a letter to the United States Attorney's office requesting that the commission reconsider the parole location since the defendant still resided in the immediate area and the son was concerned for her safety and the safety of the entire family. Upon his release on parole, the plaintiff was not permitted to return to New York. Shortly thereafter, the plaintiff commenced this action alleging that the defendant had instigated the son's actions, thereby interfering with the father-son relationship and breaching the terms of the settlement stipulation.

The stipulation upon which the plaintiff relies was an oral stipulation made in open court, which was made expressly conditional upon the plaintiff's counsel obtaining the plaintiff's approval of its terms, and upon the subsequent execution of a written stipulation of settlement *(see, Giambattista v Giambattista,* 89 AD2d 1057). Significantly, the subsequent written stipulation did not include the clause regarding the defendant's non-interference with the father-minor son relationship. Since the clause which the defendant purportedly breached was not a part of the stipulation executed by the parties, the plaintiff has failed to state sufficient facts to establish a breach of contract. Even if the oral stipulation were considered to be incorporated into the written stipulation, as the plaintiff

claims, he could not successfully claim that the son's actions were the result of the defendant's interference with the father-minor son relationship, since the son was an adult when he wrote the letter to the U.S. Attorney. Moreover, the plaintiff failed to set forth sufficient nonconclusory factual allegations that the defendant fraudulently induced him to enter the stipulation of settlement *(see, Boylan v Morrow Co.,* 63 NY2d 616, 619; *see also, Couri v Westchester Country Club,* 186 AD2d 712, 714; *Lanzi v Brooks,* 43 NY2d 778, 780; *Kalmanash v Smith,* 291 NY 142).

The court did not improvidently exercise its discretion by denying the defendant's request for sanctions and attorney's fees *(see,* 22 NYCRR 130-1.1). Miller, J. P., Copertino, Santucci and Altman, JJ., concur.