■ LINDA PRISCO, Respondent, v NEIL PRISCO, Appellant. [15 NYS3d 813]—

Appeal from an order of the Supreme Court, Nassau County (Sandra K. Pardes, J.), dated April 10, 2014. The order, insofar as appealed from, denied that branch of the defendant's motion which was to enforce an alleged stipulation of settlement negotiated in connection with a prior matrimonial action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a prior matrimonial action between the parties which was commenced by the defendant herein, the parties executed a stipulation on March 26, 2012, which settled some of the issues in that action (hereinafter the March 2012 stipulation). The record reflects that the parties anticipated that they would subsequently execute a final stipulation settling the case. The parties ultimately failed to draft and execute the final stipulation of settlement or proceed to trial, and the Supreme Court dismissed that action. The plaintiff subsequently commenced the instant matrimonial action, in which the defendant moved, inter alia, to enforce the March 2012 stipulation. The Supreme Court denied the motion.

Initially, contrary to the plaintiff's contention, the dismissal of an appeal by the defendant from an earlier order does not preclude our review of so much of the order on appeal as denied that branch of the defendant's motion which was to enforce the March 2012 stipulation. As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). Here, since the issue of whether the March 2012 stipulation is enforceable could not have been raised on the defendant's prior appeal, that rule is inapplicable (*see Yebo v Cuadra*, 98 AD3d 504, 505-506 [2012]).

Turning to the merits of the appeal, the Supreme Court properly denied the subject branch of the defendant's motion. On the record presented, the March 2012 stipulation was conditional upon the execution of a subsequent full and final settlement of the prior action, which never occurred. Accordingly, the March 2012 stipulation is not enforceable in the instant action (*see Pohlot v Pohlot*, 228 AD2d 484, 485 [1996]; *cf. Tarone v Tarone*, 25 AD3d 779, 780 [2006]; *see also De Well Container Shipping Corp. v Mingwei Guo*, 126 AD3d 846, 848 [2015]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.