Deutsche Bank Natl. Trust Co. v Khan (2020 NY Slip Op 08036)





Deutsche Bank Natl. Trust Co. v Khan


2020 NY Slip Op 08036


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-14036
 (Index No. 13335/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Hamid Khan, appellant, et al., defendants.


J.A. Sanchez-Dorta, New York, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hamid Khan appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 19, 2018. The order denied that defendant's motion to set aside the judicial sale of the subject premises pursuant to CPLR 2003.
ORDERED that the order is affirmed, with costs.
In this action to foreclose a mortgage, the defendant mortgagor, Hamid Khan (hereinafter the mortgagor), failed to answer the complaint. Subsequently, the Supreme Court granted the plaintiff's unopposed motion for an order of reference and then granted the plaintiff's unopposed motion for a judgment of foreclosure and sale. The plaintiff then served a notice of a foreclosure auction and sale. That notice was purportedly sent to an attorney who had represented the mortgagor at conferences in this action. The judicial sale was conducted on or about June 30, 2017, at which time the subject premises was sold to a nonparty purchaser.
Subsequently, the mortgagor moved to set aside the judicial sale of the subject premises based on the plaintiff's purported failure to comply with RPAPL 1304, and to set aside the sale pursuant to CPLR 5015(a)(3), on grounds of alleged fraud. The Supreme Court denied that motion by order dated January 29, 2018.
The mortgagor then moved again to set aside the judicial sale. The mortgagor sought to set aside the sale pursuant to CPLR 2003, based on lack of proper notice. The Supreme Court denied that motion by order entered September 19, 2018. The mortgagor appeals.
We find that the mortgagor is not precluded from appealing the order entered September 19, 2018, by virtue of his failure to have perfected an appeal from the prior order dated January 29, 2018. As a general rule, this Court does not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although it possesses inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350; Wells Fargo Bank, N.A. v Digirolamo, 185 AD3d 873, 874). In connection with the motion that resulted in the order entered September 19, 2018, the mortgagor submitted additional evidence, namely the affidavit of his former attorney. [*2]Under these circumstances, the rule articulated in Rubeo and Bray is inapplicable (see Prisco v Prisco, 131 AD3d 524, 525; Yebo v Cuadra, 98 AD3d 504, 505-506).
However, we agree with the Supreme Court's determination that the mortgagor failed to establish grounds to vacate the judicial sale based on lack of service. CPLR 2003, entitled "Irregularity in judicial sale," provides, as relevant, that "[a]t any time within one year after a sale made pursuant to a judgment or order, but not thereafter, the court, upon such terms as may be just, may set the sale aside for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect."
"Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale" (Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281; see CPLR 2103[e]; Pol-Tek Indus. v Panzarella, 227 AD2d 992). However, a party who defaults in appearing in a foreclosure action is not entitled to notice of a judicial sale and, therefore, the lack of such notice "provide[s] no basis for granting their motion to vacate and set aside [a] foreclosure sale" (Olympia Mtge. Corp. v Ramirez, 9 AD3d 401, 401; see Bank of N.Y. v Agenor, 305 AD2d 438; Galasso v 592 Pac. St. Realty Corp., 304 AD2d 789). As the mortgagor defaulted in this action, any failure of the plaintiff to properly serve notice of the sale provided no basis for setting aside the foreclosure sale (see Olympia Mtge. Corp. v Ramirez, 9 AD3d 401; Bank of N.Y. v Agenor, 305 AD2d 438; Galasso v 592 Pac. St. Realty Corp., 304 AD2d 789).
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court