U.S. Bank N.A. v Ashon (2024 NY Slip Op 02077)

U.S. Bank N.A. v Ashon

2024 NY Slip Op 02077

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-09622
 (Index No. 130287/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Paakwesi Ashon, et al., defendants; Adam Plotch, etc., nonparty-appellant.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for nonparty-appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and Alexandra R. Heaney of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Adam Plotch, as successor in interest to the defendant Paakwesi Ashon, appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated November 23, 2021. The order denied nonparty Adam Plotch's motion to set aside a foreclosure sale of the subject property held on November 7, 2019, and vacate a referee's deed to the property dated November 21, 2019.
ORDERED that the order is affirmed, with costs.
In this action to foreclose a mortgage on a condominium unit (hereinafter the premises), the Supreme Court, among other things, denied the cross-motion of nonparty Adam Plotch pursuant to CPLR 1018 to substitute himself as a defendant in place of the defendant mortgagor, Paakwesi Ashon. Plotch had acquired title to the premises pursuant to a referee's deed in an action to foreclose a condominium common charge lien on the premises. Thereafter, in an order and judgment of foreclosure and sale dated April 23, 2019, the court, inter alia, directed the sale of the subject property. Plotch's related appeal from the order and judgment of foreclosure and sale is addressed in this Court's decision and order on that appeal (see U.S. Bank National Association v Ashon, _____ AD3d _____ [Appellate Division Docket No. 2020-09300; decided herewith]).
In November 2020, Plotch moved to set aside a foreclosure sale of the premises held on November 7, 2019, and vacate the resulting referee's deed dated November 21, 2019. The plaintiff opposed the motion. In an order dated November 23, 2021, the Supreme Court denied the motion. Plotch appeals.
The plaintiff's contention that Plotch's motion, inter alia, to set aside the foreclosure sale was untimely is improperly raised for the first time on appeal (see Martinez v City of New York, 175 AD3d 1284, 1285). However, the plaintiff is correct that the Supreme Court properly denied the motion.
Contrary to his contention, Plotch was not entitled to have the foreclosure sale set aside on the ground that he was not properly served with notice of the sale. "CPLR 2003 authorizes the court to set aside a judicial sale for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1029 [internal quotation marks omitted]; see Guardian Loan Co. v Early, 47 NY2d 515, 520). "Concomitantly, RPAPL 231(6) provides, in relevant part, that a court, within one year after a foreclosure sale, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1029 [internal quotation marks omitted]). Further, "[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (id. at 1030, quoting U.S. Bank N.A. v Testa, 140 AD3d 855, 856 [internal quotation marks omitted]). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1030; see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632).
"Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale" (Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281; see CPLR 2103[e]; Deutsche Bank Natl. Trust Co. v Khan, 189 AD3d 1538, 1539). However, a party who defaults in appearing in a foreclosure action is not entitled to notice of a judicial sale and, therefore, the lack of such notice "provide[s] no basis for granting [a] motion to vacate and set aside [a] foreclosure sale" (Olympia Mtge. Corp. v Ramirez, 9 AD3d 401, 401; see Bank of N.Y. v Agenor, 305 AD2d 438, 438).
Here, Plotch was entitled to continue the action in place of the defendant mortgagor (see CPLR 1018). However, since the defendant mortgagor defaulted in appearing or answering the complaint, Plotch was not entitled to notice of the foreclosure sale. Therefore, the plaintiff's failure to serve Plotch with notice of the foreclosure sale provided no basis for setting aside the sale (see Deutsche Bank Natl. Trust Co. v Khan, 189 AD3d at 1539; Olympia Mtge. Corp. v Ramirez, 9 AD3d at 401; Bank of N.Y. v Agenor, 305 AD2d at 438). Contrary to Plotch's contention, his ownership of the equity of redemption, standing alone, did not entitle him to service of papers in this action (see JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470). Moreover, Plotch failed to submit evidence of fraud, collusion, mistake, or misconduct warranting the relief requested (see Emigrant Bank v. Nicolaou, 198 AD3d 725, 726).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied Plotch's motion to set aside the foreclosure sale and vacate the resulting referee's deed.
CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court