Tarzia v Brookhaven Natl. Lab. (2020 NY Slip Op 05072)





Tarzia v Brookhaven Natl. Lab.


2020 NY Slip Op 05072


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-04266
 (Index No. 13864/96)

[*1]Ann Tarzia, etc., et al., appellants, 
v
Brookhaven National Laboratory, et al., defendants, Associated Universities, Inc., respondent.


Lippes & Lippes, Buffalo, NY (Richard J. Lippes of counsel), for appellants.
Nixon Peabody LLP, Albany, NY (Daniel Hurteau of counsel), for respondent. 



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated January 15, 2019. The order denied the plaintiffs' motion to vacate an order of the same court dated February 22, 2018, granting the motion of the defendant Associated Universities, Inc., pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute, and, in effect, to restore the action to the calendar.
ORDERED that the order dated January 15, 2019, is affirmed, with costs.
In 1996, the plaintiffs commenced this action to recover damages for personal injuries allegedly arising from the release of hazardous substances into groundwater. On March 22, 2017, the defendant Associated Universities, Inc. (hereinafter Associated), served upon the plaintiffs a notice and demand for the plaintiffs to resume prosecution of the action and to serve a note of issue within 90 days pursuant to CPLR 3216 (hereinafter the 90-day demand). In June 2017, after the plaintiffs failed to file a note of issue within 90 days, Associated moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute. By order dated November 2, 2017, the Supreme Court conditionally granted Associated's motion unless the plaintiffs served responses to Associated's discovery demands within 90 days. By order dated February 22, 2018, following the plaintiffs' failure to comply with the condition in the order dated November 2, 2017, the court granted Associated's motion to dismiss the complaint insofar as asserted against it. Thereafter, the plaintiffs moved to vacate the order dated February 22, 2018, and, in effect, to restore the action to the calendar. In an order dated January 15, 2019, the court denied the plaintiffs' motion. The plaintiffs appeal from the order dated January 15, 2019.
"To vacate the dismissal of the action pursuant to CPLR 3216 and restore the case to the calendar, the plaintiff [i]s required to demonstrate a reasonable excuse for his [or her] failure to timely file a note of issue and the existence of a potentially meritorious cause of action" (Levy v Berman Motorcars, 163 AD3d 645, 646; see Piszczatowski v Hill, 93 AD3d 707, 708). "Law office failure does not constitute a justifiable excuse where there is a pattern of willful default and neglect, or where allegations of law office failure are conclusory, undetailed, and unsubstantiated" (HSBC Bank USA, N.A. v Izzo, 177 AD3d 648, 649 [citations omitted]). Here, the plaintiffs failed to adequately explain their failure to comply with the 90-day demand. Further, the plaintiffs' undetailed and unsubstantiated assertions of law office failure based upon their attorney's discovery that the case file had been destroyed were insufficient to constitute a reasonable excuse for the [*2]plaintiffs' failure to comply with the condition in the order dated November 2, 2017 (see id.). As the plaintiffs failed to provide a reasonable excuse, there is no need to address whether they established the existence of a potentially meritorious cause of action (see id.).
Accordingly, we agree with the Supreme Court's denial of the plaintiffs' motion to vacate the order dated February 22, 2018.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court