Bura v Westfair Corp. (2021 NY Slip Op 00145)





Bura v Westfair Corp.


2021 NY Slip Op 00145


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12517
 (Index No. 66563/14)

[*1]William Bura, et al., appellants,
v
Westfair Corp., et al., respondents.


Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY, [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (David P. Feehan of counsel), for respondent Westfair Corp.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler and C. Briggs Johnson of counsel), for respondents TNA Entertainment, LLC, and Total Nonstop Action Wrestling.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 11, 2018. The order denied the plaintiffs' motion to vacate an order dated November 6, 2017, directing dismissal of the complaint based on the plaintiffs' failure to comply with a conditional order of dismissal.
ORDERED that the order dated October 11, 2018, is affirmed, with costs.
After the plaintiffs' repeated failure to comply with discovery demands, despite court orders, the Supreme Court issued a conditional order of dismissal, directing the defendants to move to dismiss the complaint if the plaintiffs failed to provide outstanding discovery. The plaintiffs failed to comply, and then failed to oppose the defendants' motion to dismiss the complaint based upon the conditional order of dismissal. In an order dated November 6, 2017, the court directed dismissal of the complaint. Almost eight months later, the plaintiffs moved to vacate the November 6, 2017 order, which had been entered on their default. The motion was denied in an order dated October 11, 2018. The plaintiffs appeal, and we affirm.
To vacate their default, the plaintiffs were required to demonstrate that they had a reasonable excuse and a potentially meritorious cause of action (see Capital One, NA v Amid, 174 AD3d 494). The plaintiffs' claim of law office failure based on the alleged, unspecified misconduct of an unidentified paralegal whose employment allegedly was terminated was insufficient to establish a reasonable excuse (see Islam v HPENY Hous. Dev. Fund Co., Inc., 182 AD3d 585; Bank of N.Y. Mellon v Ruci, 168 AD3d 799, 800).
Since the plaintiffs failed to proffer a reasonable excuse for the default, it is unnecessary to reach the issue of whether they have a potentially meritorious cause of action (see [*2]Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950, 952).
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court