MTGLQ Invs., L.P. v Goddard (2022 NY Slip Op 01451)





MTGLQ Invs., L.P. v Goddard


2022 NY Slip Op 01451


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-09076
 (Index No. 20670/13)

[*1]MTGLQ Investors, L.P., respondent, 
v
John S. Goddard, etc., appellant, et al., defendants.


Charles Zolot, Jackson Heights, NY, for appellant.
Akerman LLP, New York, NY (Ashley S. Miller, Eric M. Levine, and Erica R. S. Goldman of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John S. Goddard appeals from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), dated March 18, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were to vacate a judgment of foreclosure and sale of the same court (W. Gerard Asher, J.) entered December 21, 2016, and to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2013, the plaintiff's predecessor in interest commenced this action against, among others, the defendant John S. Goddard (hereinafter the defendant) to foreclose a mortgage encumbering the subject property, which is located in Huntington. The defendant answered the complaint. In an order dated June 2, 2015, the Supreme Court granted the unopposed motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and an order of reference. On December 21, 2016, a judgment of foreclosure and sale was entered. On March 21, 2018, the subject property was sold at a foreclosure sale. In May 2018, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale. In an order dated March 18, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; U.S. Bank N.A. v Jackman, 192 AD3d 1180, 1180; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). Here, the defendant failed to submit a reasonable excuse for his default, as he offered no excuse for that failure (see Bank of N.Y. v Attia, 172 AD3d 666, 667; Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 915). Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he established a potentially meritorious opposition to the motion, inter alia, for summary judgment and an order of reference (see U.S. Bank N.A. v Nosratabdi, 199 AD3d 960; Bank of America, N.A. v Murjani, 199 AD3d 630). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment of foreclosure and sale.
Within one year after a foreclosure sale, the court is authorized to set aside the sale for failure to comply with statutory requirements as to the notice, time, or manner of such sale, if a substantial right of a party was prejudiced by the defect (see CPLR 2003; RPAPL 231[6]; Guardian Loan Co. v Early, 47 NY2d 515, 520; Concept 9, LLC v 614 Realty, LLC, 189 AD3d 992, 993; Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1029). Here, the defendant failed to establish that he was prejudiced by any alleged defect in the sale (see Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 975, 977; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1282). Thus, the Supreme Court properly denied that branch of the defendant's motion which was to set aside the foreclosure sale.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
IANNACCI, J.P., ROMAN, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court