U.S. Bank Trust, N.A. v Caputo (2022 NY Slip Op 02303)

U.S. Bank Trust, N.A. v Caputo

2022 NY Slip Op 02303

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-11911
 (Index No. 613114/15)

[*1]U.S. Bank Trust, N.A., etc., plaintiff-respondent,
v
John Caputo, et al., defendants; Armand Retamozzo, intervenor-appellant, Paula J. Warmuth, nonparty-respondent.

Louis Rosado, Buffalo, NY, for intervenor-appellant.
Stern & Eisenberg, Depew, NY (Arsenio Rodriguez of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Armand Retamozzo, appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated September 5, 2019. The order, insofar as appealed from, denied that branch of the motion of the intervenor, Armand Retamozzo, which was to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage on certain real property in Suffolk County, the Supreme Court awarded the plaintiff a judgment of foreclosure and sale on default in the principal amount of $295,705.28 and, inter alia, directed that the property be sold at public auction. The foreclosure auction took place on January 22, 2019. When the referee asked for an opening bid, the plaintiff's representative (hereinafter the bank) announced that the upset price was $355,299.50, and that the bank's opening bid was $100. Thereafter, other parties bid and the property was sold to the bank for $236,000.
After the sale, Armand Retamozzo moved, inter alia, for leave to intervene in the action and to vacate the foreclosure sale. Retamozzo asserted that he was a prospective bidder on the property at the foreclosure auction, that he bid $240,000 for the property before the close of the auction, but that the referee failed to accept his high bid and instead sold the property to the plaintiff. The referee and the plaintiff opposed the motion.
In an order dated September 5, 2019, the Supreme Court granted that branch of Retamozzo's motion which was for leave to intervene in the action, but otherwise denied the motion. Retamozzo appeals from so much of the order as denied that branch of his motion which was to set aside the foreclosure sale of the property.
"CPLR 2003 authorizes the court to set aside a judicial sale for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Nationstar Mtge., LLC v Crute, 187 [*2]AD3d 1028, 1029 [internal quotation marks omitted]; see Guardian Loan Co. v Early, 47 NY2d 515, 520). "Concomitantly, RPAPL 231(6) provides, in relevant part, that a court, within one year after a foreclosure sale, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1029 [internal quotation marks omitted]). Further, "'[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct'" (id. at 1030, quoting U.S. Bank N.A. v Testa, 140 AD3d 855, 856 [internal quotation marks omitted]). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1030; see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632; Green Point Sav. Bank v Kandel, 224 AD2d 488, 488).
Here, the record demonstrates that Retamozzo failed to present "evidence of fraud, collusion, mistake, or misconduct" and failed to establish any other ground to warrant setting aside the foreclosure sale (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 632; see Green Point Sav. Bank v Kandel, 224 AD2d at 488). Accordingly, the Supreme Court properly denied that branch of his motion which was to set aside the foreclosure sale of the property.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court