Mazin v Dangelo (2022 NY Slip Op 04161)

Mazin v Dangelo

2022 NY Slip Op 04161

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2020-01583
 (Index No. 6953/13)

[*1]Leonid Mazin, appellant, 
v
Carole Dangelo, respondent, et al., defendant.

Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant. 
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Westbury, NY (Patrick M. Murphy and Maureen Quinn of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated January 6, 2020. The order denied the plaintiff's motion, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Arthur G. Pitts, J.) dated June 28, 2016, granting the unopposed motion of the defendant Carole Dangelo pursuant to CPLR 1021 to dismiss the complaint based upon the plaintiff's failure to make a timely substitution for the deceased defendant, Michael C. Delagera.
ORDERED that the order dated January 6, 2020, is affirmed, with costs.
In July 2011, the plaintiff commenced this action against the defendants, Carole Dangelo and Michael C. Delagera, to recover damages for personal injuries he allegedly sustained when a vehicle he was operating was struck in the rear by a vehicle owned by Dangelo and operated by Delagera. On December 10, 2011, Delagera died. In or around July 2015, Dangelo moved pursuant to CPLR 1021 to dismiss the complaint based upon the plaintiff's failure to make a timely substitution following the death of Delagera. In an order dated June 28, 2016, the Supreme Court granted Dangelo's motion without opposition. In or around June 2019, the plaintiff moved, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated June 28, 2016. In an order dated January 6, 2020, the court denied the plaintiff's motion. The plaintiff appeals.
"In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (MTGLQ Invs., L.P. v Goddard, 203 AD3d 819, 819; see CPLR 5015[a][1]). "Further, the motion to vacate must be 'made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party'" (Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853, quoting CPLR 5015[a][1]).
Here, the plaintiff's motion, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated June 28, 2016, was made nearly three years after service of the order with notice of entry on July 26, 2016. Thus, that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 5015(a)(1) was untimely (see Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d at 853; Federal Natl. Mtge. Assn. v Mack, 188 AD3d 655, 656). Moreover, the plaintiff's bare and [*2]conclusory assertion of law office failure was insufficient to demonstrate a reasonable excuse for his default in opposing Dangelo's motion pursuant to CPLR 1021 to dismiss the complaint (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786; Bura v Westfair Corp., 190 AD3d 679, 680; Tarzia v Brookhaven Natl. Lab., 186 AD3d 1557, 1558; CitiMortgage, Inc. v Sergiadis, 183 AD3d 693, 694).
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated June 28, 2016.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court