Bank of N.Y. Mellon Trust Co., N.A. v Gambino (2023 NY Slip Op 00294)

Bank of N.Y. Mellon Trust Co., N.A. v Gambino

2023 NY Slip Op 00294

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-08876
 (Index No. 610194/15)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Daniel Gambino, etc., et al., defendants; Armand Retamozzo, nonparty-appellant.

Louis Rosado, Buffalo, NY (Michael Kennedy Karlson of counsel), for nonparty-appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Keith M. Ferguson and Morgan McCord of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Armand Retamozzo appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 8, 2020. The order, insofar as appealed from, denied those branches of the motion of nonparty Armand Retamozzo which were to set aside the foreclosure sale of the subject property and, in effect, to compel the referee to accept his bid for the purchase of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage on certain real property located in Suffolk County, an order and judgment of foreclosure and sale was entered on November 14, 2019. The order and judgment of foreclosure and sale confirmed the referee's determination that the amount due to the plaintiff was $996,061.26 and, inter alia, directed that the subject property be sold at a public auction. A referee conducted the public auction on February 18, 2020, and the plaintiff's upset price of $693,000 was announced at the beginning of the auction. After the upset price was announced, the plaintiff's representative submitted a bid of $500, and the plaintiff was determined to be the prevailing bidder.
After the sale, nonparty Armand Retamozzo moved, inter alia, to set aside the foreclosure sale of the subject property and, in effect, to compel the referee to accept his bid for the purchase of the subject property. Retamozzo asserted that he bid the sum of $200,000 for the subject property before the close of the auction, but the referee failed to accept his high bid and deposit, and instead sold the property to the plaintiff.
In an order dated October 8, 2020, the Supreme Court, among other things, denied those branches of Retamozzo's motion which were to set aside the foreclosure sale of the subject property and, in effect, to compel the referee to accept his bid for the purchase of the subject property. Retamozzo appeals.
"CPLR 2003 authorizes the court to set aside a judicial sale for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Nationstar Mtge., LLC v Crute, 187 [*2]AD3d 1028, 1029 [internal quotation marks omitted]; see Guardian Loan Co. v Early, 47 NY2d 515, 520). "Concomitantly, RPAPL 231(6) provides, in relevant part, that a court, within one year after a foreclosure sale, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1029 [internal quotation marks omitted]). Moreover, "[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (U.S. Bank N.A. v Testa, 140 AD3d 855, 856 [internal quotation marks omitted]). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Nationstar Mtge., LLC v Crute, 187 AD3d at 1030; see Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632; Green Point Sav. Bank v Kandel, 224 AD2d 488, 488).
Here, the record demonstrates that Retamozzo failed to present evidence of fraud, collusion, mistake, or misconduct that cast suspicion on the fairness of the sale, and failed to establish any other ground to warrant setting aside the foreclosure sale (see CPLR 2003; RPAPL 231[6]; U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d at 632; Green Point Sav. Bank v Kandel, 224 AD2d at 488).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied those branches of Retamozzo's motion which were to set aside the foreclosure sale of the subject property and, in effect, to compel the referee to accept his bid for the purchase of the subject property.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court