Wilmington Sav. Fund Socy., FSB v Brockett (2023 NY Slip Op 04154)

Wilmington Sav. Fund Socy., FSB v Brockett

2023 NY Slip Op 04154

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07403
 (Index No. 26348/13)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Carolyn Brockett, appellant, et al., defendants.

Ronald D. Weiss, P.C., Melville, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carolyn Brockett appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 20, 2020. The order denied the motion of the defendants Carolyn Brockett and Cassell Brockett to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed, with costs.
The plaintiff's predecessor in interest commenced this action against the defendants Carolyn Brockett and Cassell Brockett (hereinafter together the defendants), among others, to foreclose a mortgage on a property located in East Northport. The defendants failed to interpose an answer or otherwise appear in the action. Thereafter, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference. On June 1, 2018, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the property.
On March 12, 2020, the property was sold at a public auction. In June 2020, the defendants moved to set aside the foreclosure sale of the property. In an order dated August 20, 2020, the Supreme Court denied the motion. Carolyn appeals.
CPLR 2003 authorizes the court to set aside a judicial sale within one year "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Guardian Loan Co. v Early, 47 NY2d 515, 520 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725, 726). Similarly, RPAPL 231(6) provides that "[a]t any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (see U.S. Bank Trust, N.A. v Caputo, 204 AD3d at 726-727; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281). Furthermore, "[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1281 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Caputo, 204 [*2]AD3d at 726-727).
Here, the defendants failed to establish that any alleged defect in the sale of the property prejudiced a substantial right of a party (see MTGLQ Invs., L.P. v Goddard, 203 AD3d 819, 820; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1282). Furthermore, the defendants failed to demonstrate that the sale of the property was the product of fraud, collusion, mistake, or misconduct (see Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1282).
Accordingly, the Supreme Court properly denied the defendants' motion to set aside the foreclosure sale of the property.
The parties' remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court