NJCC-NYS Community Restoration Fund, LLC v Ruiz (2024 NY Slip Op 03180)

NJCC-NYS Community Restoration Fund, LLC v Ruiz

2024 NY Slip Op 03180

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-08925
 (Index No. 71128/14)

[*1]NJCC-NYS Community Restoration Fund, LLC, respondent, 
v
Raymond Ruiz, et al., defendants; Armand Retamozzo, intervenor-appellant.

Louis Rosado, Buffalo, NY (Michael Kennedy Karlson of counsel), for intervenor-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Armand Retamozzo, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 19, 2020. The order, insofar as appealed from, denied those branches of the intervenor's motion which were to set aside the foreclosure sale of the subject property and to compel the referee to accept his bid for the purchase of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage on certain real property located in Smithtown, an order and judgment of foreclosure and sale was issued on March 28, 2019. The order and judgment of foreclosure and sale, inter alia, confirmed a referee's report and directed that the property be sold at a public auction. A referee conducted the public auction on March 4, 2020, the plaintiff's representative submitted a bid of $100, and the plaintiff was determined to be the prevailing bidder.
After the sale, the intervenor, Armand Retamozzo, moved, inter alia, to set aside the foreclosure sale of the property and to compel the referee to accept his bid for the purchase of the property. Retamozzo asserted that he bid the sum of $333,000 for the property before the close of the auction, but the referee failed to accept his high bid and deposit and instead sold the property to the plaintiff.
In an order dated October 19, 2020, the Supreme Court, among other things, denied those branches of Retamozzo's motion which were to set aside the foreclosure sale of the property and to compel the referee to accept his bid for the purchase of the property. Retamozzo appeals.
"'CPLR 2003 authorizes the court to set aside a judicial sale for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect'" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d 756, 757, quoting Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1029; see Guardian Loan Co. v Early, 47 NY2d 515, 520). "'Concomitantly, RPAPL 231(6) provides, in [*2]relevant part, that a court, within one year after a foreclosure sale, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect'" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757, quoting Nationstar Mtge., LLC v Crute, 187 AD3d at 1029).
In addition to the authority granted by statute, "'[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct'" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757, quoting U.S. Bank N.A. v Testa, 140 AD3d 855, 856). "'In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale'" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757, quoting Nationstar Mtge., LLC v Crute, 187 AD3d at 1030).
Here, the record demonstrates that Retamozzo failed to present evidence of fraud, collusion, mistake, or misconduct that cast suspicion on the fairness of the sale, and he further failed to establish any other ground to warrant setting aside the foreclosure sale (see CPLR 2003; RPAPL 231[6]; Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757; U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied those branches of Retamozzo's motion which were to set aside the foreclosure sale of the property and to compel the referee to accept his bid for the purchase of the property.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court