Wilmington Sav. Fund Socy., FSB v Kelly (2024 NY Slip Op 03843)

Wilmington Sav. Fund Socy., FSB v Kelly

2024 NY Slip Op 03843

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-01573
 (Index No. 613616/18)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Anthony W. Kelly, et al., defendants; Armand Retamozzo, intervenor-appellant.

Louis Rosado, Buffalo, NY, for intervenor-appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Gerbino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Armand Retamozzo, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered February 3, 2021. The order, insofar as appealed from, denied those branches of the intervenor's motion which were to set aside the foreclosure sale of the subject property and to compel the referee to accept his bid for the purchase of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage on certain real property located in Smithtown (hereinafter the subject property), an order and judgment of foreclosure and sale was entered on November 26, 2019, in the plaintiff's favor in the principal sum of $491,422.67. The order and judgment of foreclosure and sale directed that the subject property be sold at public auction. A referee conducted the public auction sale of the subject property on March 9, 2020. The plaintiff's upset price was $475,000. The plaintiff was the prevailing bidder.
After the sale, the intervenor, Armand Retamozzo, moved, inter alia, to set aside the foreclosure sale of the subject property and to compel the referee to accept his bid of $200,000 for the purchase of the subject property. In an order entered February 3, 2021, the Supreme Court, among other things, denied those branches of Retamozzo's motion. Retamozzo appeals.
The court may set aside a judicial sale for failure to comply with applicable requirements as to the notice, time, or manner of such sale if a substantial right of a party was prejudiced by the defect (see CPLR 2003; RPAPL 231[6]; Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d 756, 757). Moreover, "'[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct'" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757, quoting U.S. Bank N.A. v Testa, 140 AD3d 855, 856). "'In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale'" (id., quoting Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1030). Here, Retamozzo failed to present evidence of fraud, collusion, mistake, or misconduct that cast suspicion on the fairness of the sale, [*2]and he further failed to establish any other ground to warrant setting aside the foreclosure sale (see CPLR 2003; RPAPL 231[6]; Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757; U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of Retamozzo's motion which were to set aside the foreclosure sale of the subject property and to compel the referee to accept his bid for the purchase of the subject property.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court