L&L Capital Partners, LLC v Elohim, Inc. (2024 NY Slip Op 03815)

L&L Capital Partners, LLC v Elohim, Inc.

2024 NY Slip Op 03815

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-00296
 (Index No. 14396/11)

[*1]L & L Capital Partners, LLC, plaintiff-respondent,
v
Elohim, Inc., et al., appellants, et al., defendants; 44 Rockaway SI, LLC, nonparty-respondent.

Alice A. Nicholson, Brooklyn, NY, for appellants.
Jason J. Rebhun, P.C., New York, NY (John A. Borelli of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Elohim, Inc., Jean Claude Francois, and Louisena Francois appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 12, 2022. The order denied those defendants' motion to set aside the foreclosure sale of the subject property and to vacate the referee's deed.
ORDERED that the order is affirmed, with costs.
In June 2011, this action was commenced against the defendants Elohim, Inc., Louisena Francois, and Jean Claude Francois (hereinafter collectively the defendants), among others, to foreclose a mortgage on certain real property located in Brooklyn. In a judgment of foreclosure and sale dated December 10, 2019, in favor of the plaintiff, the Supreme Court, inter alia, directed the foreclosure sale of the property. After the property was sold at auction, it was transferred by referee's deed to a nonparty, which, in turn, sold the property to nonparty 44 Rockaway SI, LLC.
In August 2022, the defendants moved to set aside the foreclosure sale and to vacate the referee's deed, contending that the plaintiff failed to serve them with a notice of sale, depriving them of their right to redeem the property. The plaintiff opposed the motion. By order dated October 12, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale" (Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281). CPLR 2003 authorizes the court to set aside a judicial sale within one year "for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Guardian Loan Co. v Early, 47 NY2d 515, 520 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Caputo, 204 AD3d 725, 726). Similarly, RPAPL 231(6) provides that "[a]t any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (see U.S. Bank [*2]Trust, N.A. v Caputo, 204 AD3d at 726; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1281).
Here, the plaintiff's submissions in opposition to the defendants' motion constituted prima facie evidence of proper service of the notice of sale (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696), and the defendants' bare and unsubstantiated denials of receipt were insufficient to rebut the plaintiff's showing (see Scarano v Scarano, 63 AD3d 716, 716; see also Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 23). Furthermore, the defendants failed to establish that they were prejudiced by any defect in service of the notice of sale (see Wilmington Sav. Fund Socy., FSB v Brockett, 219 AD3d 548, 549; MTGLQ Invs., L.P. v Goddard, 203 AD3d 819, 820; Wells Fargo Bank, N.A. v Ramphal, 172 AD3d at 1282; cf. 38-12 Astoria Blvd., LLC v Ramos, 203 AD3d 790, 791).
The remaining contentions of nonparty 44 Rockaway SI, LLC, are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion to set aside the foreclosure sale of the subject property and to vacate the referee's deed.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court